CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
June 11, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GREGORY ALLEN KERSEY, | ) |
| Plaintiff, | ) Civil Action No. 7:24cv00229 |
| v. | ) **MEMORANDUM OPINION** |
| ROCKBRIDGE REGIONAL JAIL, | ) By:   Hon. Thomas T. Cullen |
| | )            United States District Judge |
| Defendant. | ) |

Plaintiff Gregory Allen Kersey, an inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, against the Rockbridge Regional Jail ("Jail"). Kersey seeks leave to proceed *in forma pauperis* with this action. Having reviewed the record, the court grants Kersey's request to proceed *in forma pauperis* but concludes that his complaint fails to state a cognizable federal claim against the Jail. Therefore, the court will dismiss Kersey's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.

Kersey alleges that, after he was accused by another inmate of sharing his Suboxone[1] medication, correctional officers strip searched him, searched his cell, and required him to take a urine test. It appears Kersey's Suboxone prescription was discontinued after the incident. Kersey also alleges that he is being "racially profiled, targeted, and retaliated against." (Compl. at 3 [ECF No. 1].) Kersey names only the Jail as a defendant.

---

[1] Suboxone is "used to treat narcotic (opiate) addiction" and is "not for use as a pain medication." Drugs.com, *Suboxone*, available at https://www.drugs.com/suboxone.html (last visited June 11, 2024). "Suboxone contains a combination of buprenorphine and naloxone. Buprenorphine is an opioid medication, sometimes called a narcotic. Naloxone blocks the effects of opioid medication, including pain relief or feelings of well-being that can lead to opioid abuse." *Id.*

The court conditionally filed Kersey's complaint, advised him that his complaint failed to state a claim against the Jail, and gave him the opportunity to file an amended complaint. (*See* ECF No. 4.) The court advised Kersey that if he failed to amend the complaint to correct the noted deficiency within 21 days, the court would assume that he stands on his original complaint and waives his right to amend. The court also warned Kersey that failure to amend his complaint would result in dismissal of the complaint. Kersey did not file an amended complaint.

## II.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Because a jail is not a legal entity, it is not a "person" subject to suit under § 1983, and Kersey cannot maintain this action against the Jail. *See McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) (holding that a jail "is not an individual, a corporation, a partnership, or an unincorporated association. Therefore, it lacks the capacity to be sued as a jail."). Accordingly, the court will dismiss this action for failure to state a claim against the named defendant.

The Clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Kersey.

**ENTERED** this 11th day of June, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE